UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANET LEIGH SIMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>ROGER SCOTT BASKIN and<br>RANDALL BASKIN,<br><br>    Defendants. | Case No. 3:17-cv-01077<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## **REPORT AND RECOMMENDATION**

By order entered July 28, 2017, the Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) to dispose or recommend disposition of any pretrial motions. (Doc. No. 4, PageID# 21.)

This case has been pending on the Court's docket with no action taken by Plaintiff Janet Leigh Simpson since she filed a motion to amend her complaint on March 12, 2018 (Doc. No. 20). The Court granted that motion (Doc. No. 21), but Simpson has not filed an amended complaint or responded to the Court's order to show cause why her lawsuit should not be dismissed for failure to prosecute. (Doc. No. 22.) The Magistrate Judge therefore RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b).

**I.    Factual and Procedural Background**

Proceeding pro se, Simpson filed this lawsuit under the Fair Labor Standards Act (FLSA) on July 24, 2017, alleging that Defendants Roger Scott Baskin and Randall Baskin collectively owe her $391,000.00 in unpaid wages for work that she performed over twelve years. (Doc. No.

1, PageID# 15–16.) That amount includes payment for alleged overtime and minimum wage violations. (*Id.*) On August 28, 2017, the defendants filed a motion to dismiss. (Doc. No. 6.) In a February 26, 2018 report and recommendation, the Magistrate Judge concluded that Simpson's allegations, as originally pleaded, were too threadbare to state minimum wage and overtime claims under the FLSA and therefore recommended that the motion to dismiss be granted without prejudice to Simpson's filing an amended complaint. (Doc. No. 18, PageID# 132.) Citing the report and recommendation, Simpson moved for leave to file an amended complaint. (Doc. No. 20, PageID# 134.)

No party objected to the report and recommendation and it was adopted by the Court in an order that granted Simpson's motion to file an amended complaint and gave her until March 26, 2018, to do so. (*Id.*) On April 23, 2018, the Court noted that Simpson had failed to file an amended complaint by the deadline, and ordered her to show cause why her lawsuit should not be dismissed for failure to prosecute. (Doc. No. 22.) Simpson was "forewarned that a failure to respond to [the] order may result in a recommendation that her case be dismissed." (*Id.*) On the same day, the Court granted Simpson's motion, filed before the Magistrate Judge entered the report and recommendation, seeking an extension of time to respond to the defendants' interrogatories. (Doc. Nos. 15, 23.) In requesting that extension, Simpson informed the Court that she was struggling with "pressing health matters" and having trouble "receiving adequate care." (Doc. No. 15.) Simpson has not responded to the Court's show cause order.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on

their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. at 626).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b). There is no evidence that bad faith is behind Simpson's failure to prosecute; the only indication in the record of cause is her statement of being in poor health. (Doc. No. 15.) Regardless, Simpson is "at fault for failing to comply with

3

the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb. 8, 2017). Simpson was ordered on March 13, 2018, to file an amended complaint by March 26, 2018, which she did not do. (Doc. No. 21.) She also failed to respond to the Court's order to show cause why her lawsuit should not be dismissed for failure to prosecute, missing an opportunity to explain why she had not timely filed an amended complaint. (Doc. No. 22.) That order warned her that her lawsuit might be dismissed if she failed to respond. (*Id.*)

The less-drastic sanction of dismissal without prejudice is appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). Dismissal without prejudice best addresses the interests of this litigation.

## IV. Recommendation

Given Simpson's lack of activity in this case since March 12, 2018, and her failure to respond to the Court's orders, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE under Federal Rule 41(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party

who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 20th day of August, 2018.

.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge